UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR777 CDP |
| | ) | |
| ROBERT H. KRENNING, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Robert Krenning filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. The Probation Office filed a report indicating that Krenning was not eligible for a reduction because the sentence he originally received was a variance from the guidelines and was below his new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Krenning is not eligible for a reduction in sentence because his sentence is below the new guidelines range, so I will deny his motion.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences.

If a defendant originally received a variance below the guidelines range that is lower than the new guidelines range, however, he is not eligible for a reduction under Amendment 782. U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation: " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ." Krenning falls into this category.

Krenning pleaded guilty to conspiracy to manufacture methamphetamine. Although his original guidelines range was 110 to 137 months, I varied from the guidelines and sentenced him to 90 months imprisonment. Under Amendment

782, his new guidelines range is 92 to 115 months. His original sentence of 90 months is therefore below the new guidelines range.

Even though Amendment 782 lowered the applicable guidelines range applicable to Krenning, I cannot reduce his sentence, because the sentence he received originally is below the amended guidelines range. Because any reduction from the sentence already imposed would be below the new range, defendant is not eligible for a reduction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reduce his sentence [#191] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2015.